```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BRIDGEPORT MUSIC, INC., *et al.*, )
)
       Plaintiffs )
)
v. )
)
DEEP TECHNOLOGY MUSIC, INC., )   No. 3:01-718
*et al.*, )   Judge Campbell/Brown
)   **Jury Demand**
and )
)
3:01-0733 (EMI April) )
3:01-0935 (Careers-BMG) )
3:01-0971 (EMI Blackwood) )
3:01-1037 (Careers-BMG) )
3:01-1105 (Elektra) )
3:01-1156 (Remedi) )
)
       Defendants )

## O R D E R

Presently pending in these seven cases is the Plaintiffs' motion for a final order on sanctions (Docket Entry 241). Also pending is the Plaintiffs' motion for judicial notice of proceedings in the Sixth Circuit in related litigation from Michigan (Docket Entry 243). This motion for judicial notice is **GRANTED**. The motion for sanctions (Docket Entry 241) is **GRANTED** in part and **DENIED** in part.

Turning now to the motion for sanctions, the Magistrate Judge has reviewed the pleadings in the matter, including the corrected response by Ms. Tilmon Jones (Docket Entry 253), and the reply by the Plaintiffs to the original unsigned response (Docket Entry 248).

As previously stated, the Magistrate Judge was considering sanctions in the amount of $1,783.77 and attorneys' fees in the amount of $50,000 as a sanction and in satisfaction of all such requests filed by the Plaintiff (Docket Entries 238, 244). Ms. Tilmon Jones, in her response (Docket Entry 248, 252), makes several specific points, which the Magistrate will address.

The Plaintiffs correctly note that under 28 U.S.C. § 1927 and Fed. R. Civ. P. 11, the Courts should normally impose the least severe sanctions to serve the purpose of the respective provisions. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). She also points out that Judge O'Mara reduced the amount of requested sanctions from approximately $150,00 to $20,000.

Ms. Tilmon Jones also makes the point that she is a 67-year old widow with little or no resources. Unfortunately, other than her statement, there is no objective evidence concerning her inability to pay sanctions. There are no tax returns, no financial statements, nothing that allows the Magistrate Judge as an objective matter to determine her financial status. It is apparent that she did receive a substantial settlement several years ago as a result of Michigan litigation, which has been extensively cited in these proceedings. How much of that, if anything, remains at this point is unknown.

Ms. Tilmon Jones makes the point that some of the billing records could provide more detail and should be disregarded. The Magistrate Judge has taken into account the fact that he believes

some of the billing is a result of over-lawyering the case and has substantially reduced the original claim.

Ms. Tilmon Jones has not presented any evidence that the billing rate for attorney time is inappropriate and the Magistrate Judge stands by his earlier finding that the hourly rates claimed by the Plaintiffs' counsel in this matter are well within the Nashville area standards.

Ms. Tilmon Jones complains she was billed for copying and computer research, among other matters. Ms. Tilmon Jones contends that the computer research should be disallowed and it should be included in the attorney's hourly rate.

Computerized research is somewhat of a two-edged sword. While the research itself is an additional cost, it generally reduces the time the attorney would otherwise spend doing research in an actual library. In fact, in many cases, research in the library would be more expensive using an hourly rate than research through West Law or LEXIS. Nevertheless, the Magistrate Judge will give the Plaintiff the benefit of the doubt on this matter and reduce the expenses by a total of $730.54. Thus, expenses are reduced to $1,053.23.

Finally, Ms. Tilmon Jones argues she has been deterred from filing any further litigation in this matter and asks the Court to consider whether sanctions on her would impose a deterrent effect on other copyright owners.

The Magistrate Judge is satisfied Ms. Tilmon Jones received terrible advice from various attorneys, nevertheless she

chose to proceed on her own in this case and must bear the consequences. Those attorneys are not before this Court.

The Plaintiffs filed a rather detailed reply reiterating why they should be allowed the full amount of their claim.[1] After considering all of this, the Magistrate Judge believes that the motion for sanctions should be **GRANTED** as follows: Expenses are allowed in the amount of $1,053.23, and attorneys' fees are allowed in the amount of $45,000.

In determining this amount the Magistrate has considered what he believes is some overwork of the case, the fact that Ms. Tilmon Jones and her counsel have been substantially sanctioned as a result of the various Michigan litigations, and that while Ms. Tilmon Jones has not made a detailed explanation of her financial status, the Court must nevertheless, in imposing sanctions, consider not only the actual cost to the Plaintiffs in this matter, in defending Ms. Tilmon Jones's ill-founded efforts to reopen these cases, but also what is a reasonable amount to both punish and deter her. Her conduct in filing these cases, including the ill-founded allegations against counsel for the Plaintiffs, cannot be ignored. As the Magistrate Judge has noted before, there was no legal basis for attempting to reopen these cases.

The Magistrate Judge has been involved with these cases since they were filed in 2001. Hopefully this will be the end of them. Sanction for all seven cases are awarded as follows: costs in

---

[1] The reply was limited to five pages. Plaintiff filed a longer pleading, although the actual meat was under five pages.

the amount of $1,053.23, and attorneys' fees in the amount of $45,000.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge